UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT MICHAEL VANLEEUWEN,[1]<br><br>   Petitioner,<br> v.<br>WARDEN.<br><br>   Respondent. | No. ED 5:23-cv-00630-SVW-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

**SUMMARY OF ORDER**

  This is a federal habeas petition challenging a January 2023 decision by California's Board of Parole Hearings ("BPH") finding Petitioner Robert Michael Vanleeuwen[1] unsuitable for release on parole as a nonviolent offender. But before a petitioner can file a federal habeas petition in federal court, he must present his claims to the California Supreme Court—a process called "exhaustion." From what Petitioner has provided and from publicly available dockets, it appears Petitioner has not exhausted his claims. And even if the

---

[1] Petitioner also uses the name "Robert Michael Tafoya." (*See, e.g.,* ECF No. 1 at 3).

claims were exhausted, it appears that they would still be barred pursuant to the Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. 216 (2011). That case says that when a federal court reviews a state parole decision, it is limiting to examining whether the parole board provided certain minimal procedural safeguards. The Court therefore orders Petitioner to explain whether he has presented his claims to the state courts and whether his parole challenge is suitable for federal habeas review. If he has not exhausted his claims and/or his claims do not fall within the scope of federal habeas review, he must tell the Court why his case should not be dismissed. **If Petitioner fails to timely respond to this order, the Court will recommend that his Petition be dismissed.**

## BACKGROUND

**A.    Relevant Procedural History**

Petitioner is a California inmate currently housed in Ironwood State Prison in Blythe, California. (*See* ECF No. 1 at 3; *see also* California Department of Corrections and Rehabilitation Inmate Locator website at inmatelocator.cdcr.ca.gov). He is serving a 25-year sentence following his December 13, 2021, conviction in the Riverside County Superior Court for the following offenses: stalking in violation of a protective order; concealing a child from a legal custodian; and several counts each of perjury and of filing forged documents. (*See* ECF No. 1 at 3-4; *see also* Riverside County Superior Court's online criminal case search for Case No. RIF2000128 at public-access.riverside.courts.ca.gov/OpenAccess/).

As discussed below, in November 2016, California voters approved Proposition 57, which expanded parole eligibility to certain nonviolent offenders after they completed the full term for their primary offense (referred to as

1  "nonviolent parole"). On January 26, 2023, a BPH hearing officer issued a
2  Nonviolent Decision Form denying Petitioner release on nonviolent parole. The
3  Nonviolent Decision Form contains a written statement of reasons explaining
4  the denial. In particular, the BPH hearing officer considered Petitioner's current
5  commitment offenses, his prior criminal record, and his institutional behavior
6  and activities, as well as a statement from Petitioner and two other individuals
7  attesting to his suitability for nonviolent parole. (ECF No. 1 at 3-7, 84-88, 98,
8  100). Based on these factors, the hearing officer concluded that Petitioner
9  "pose[d] a current, unreasonable risk of violence, or a current, unreasonable risk
10 of significant criminal activity to the community." (*See id.* at 7).

11 Petitioner asserts that he submitted to the BPH a request to review the
12 hearing officer's denial but has received no response. (ECF No. 1 at 2). Attached
13 to the Petition is a copy of a "Petition for Review" seeking reconsideration of the
14 nonviolent parole denial that Petitioner states was mailed to the BPH on
15 February 14, 2023. (*See id.* at 2, 8-109). In his reconsideration request,
16 Petitioner argued that there was no rational connection between the evidence
17 and the parole denial; there was insufficient evidence supporting a finding of
18 future danger; there was no evidence showing he posed a "significant" risk; and
19 there was an "abuse of discretion and violation of due process in denying a grant
20 of parole on speculation over/retaliation for the exercise of protected rights." (*See*
21 *id.* at 8, 19).

22 **B.    Claims in Federal Habeas Petition**

23 Petitioner filed his Petition in this Court on April 10, 2023. (ECF No. 1).
24 The Petition raises three claims relating to the BPH's nonviolent parole denial.

25     **1.    Claim One**

26 Petitioner argues that he was denied nonviolent parole in violation of due
27 process because the BPH hearing officer improperly based the denial on the fact
28

that Petitioner had exercised his constitutional rights to access the courts, free speech, and association. (ECF No. 1 at 1).

### 2. Claim Two

Petitioner argues that the BPH's failure to review the merits of the nonviolent denial, as requested in his Petition for Review, amounts to a due process violation. He asserts that the Petition for Review was filed on February 14, 2023, and that he subsequently sent "a number of requests," but the BPH "appears unwilling to conduct a review." (ECF No. 1 at 2).

### 3. Claim Three

Petitioner argues that his constitutional rights to due process and equal protection were violated because "no evidence exists to deny release or support the findings," and "this makes it clear" he is "being held to a different standard when non-violent parole review is only about present evidence of danger." (ECF No. 1 at 2).

## C. Facts about exhaustion

The Court notes that Petitioner did not use the Central District form Petition for Writ of Habeas Corpus to raise his federal habeas claims (which specifically asks for information about exhaustion), or any other form petition. There is no indication in the Petition or attachments that he presented his claims to the state courts. And a search of the docket of the California Supreme Court does not show any filings by Petitioner. (*See* California Appellate Courts Case Information website at appellatecases.courtinfo.ca.gov).

## ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

4

1 relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
2 Cases. Based upon the Petition and the California state court records available
3 to the Court, and for the reasons discussed below, the Court orders Petitioner to
4 show cause why the Petition should not be dismissed for failure to exhaust
5 and/or failure to set forth cognizable claims.

**A.  Exhaustion**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). The Court may raise a petitioner's failure to exhaust sua sponte—that is, even without the opposing party raising it—and may summarily dismiss a petition without prejudice for failure to exhaust. *See Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, there is no indication that Petitioner has presented his claims to the California Supreme Court. Because his claims appear to be wholly unexhausted, the Petition appears to be subject to summary dismissal without prejudice. *See*

28 U.S.C. § 2254(b)(1)(A).

**B.     Cognizable Claims**

Even if Petitioner could satisfy the exhaustion requirement, it appears his claims are not cognizable on federal habeas review for the reasons set forth below.

After Proposition 57 was approved in November 2016, the California Constitution was amended to include the following provision: "1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32. Regulations governing nonviolent parole review require the BPH hearing officer to weigh certain aggravating and mitigating factors concerning the inmate's commitment offense, prior criminal history, and institutional behavior and activities, and also consider written statements submitted by the inmate (as well as from the prosecuting agency and any victims). Then, "based on the totality of the circumstances," the hearing officer must "determine if the inmate poses a current, unreasonable risk of violence or a current unreasonable risk of significant criminal activity." *See* 15 C.C.R.§ 2449.5. If a prisoner seeks judicial review of a parole denial in state court, the state court must uphold the denial if there is "some evidence" that supports the decision that the prisoner is unsuitable for parole because he or she currently is dangerous. *See In re Lawrence*, 44 Cal.4th 1181, 1191 (2008).

In *Cooke*, the Supreme Court considered California's "some evidence" standard and found that to the extent California law creates a liberty interest in parole, "[w]hatever liberty interest exists is ... a *state* interest." *Cooke*, 562 U.S. at 219-20 (emphasis in original). The *Cooke* Court explained that a *state* liberty interest in parole does not create a *federal* right to be paroled, and that

1 compliance with California's "some evidence" requirement is not a substantive
2 federal constitutional requirement. *Id.* at 220-21 ("No opinion of ours supports
3 converting California's 'some evidence' rule into a substantive federal
4 requirement."). Rather, the Supreme Court made clear that the only cognizable
5 federal habeas issue is whether the prisoner was provided the following
6 "minimal" required procedural safeguards: the opportunity to be heard and a
7 statement of the reasons why parole was denied. *Id.* at 220 (citing *Greenholtz v.*
8 *Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). "The
9 Constitution . . . does not require more." *Id.* at 220 (citation and quotations
10 omitted). Determining whether a prisoner was afforded these minimal
11 procedural protections is "the beginning and the end of the federal habeas
12 courts' inquiry into whether [a prisoner] received due process." *Id.*

13 Here, Petitioner does not allege that he was not provided the opportunity
14 to be heard or a statement of the reasons denying parole, and the record
15 indicates these procedural due process requirements were met. Attached to the
16 Petition is a document titled "Statement from 'Offender'," which appears to be
17 the statement that Petitioner provided to the BPH prior to his nonviolent parole
18 review and that was considered by the hearing officer when determining
19 Petitioner's parole suitability. (ECF No. 1 at 84-88). It also appears that
20 Petitioner received the Nonviolent Decision Form containing the written
21 statement of reasons for the hearing officer's unsuitability finding.

22 The Court has no authority to consider parole challenges that do not
23 concern the noted minimal procedural due process protections. To the extent
24 Petitioner contends in Claims One and Three that the BPH relied on improper
25 reasons for finding him unsuitable for nonviolent parole, his claims are not
26 cognizable and cannot be considered on federal habeas review. Likewise, to the
27 extent that Petitioner in Claim Two argues that the BPH violated due process
28

by failing to respond to his request for reconsideration, this also falls outside the limited range of the Court's federal habeas inquiry and therefore is not cognizable.

C. **Order to Show Cause**

Before the Court recommends dismissal of the action, the Court will give Petitioner an opportunity to respond. Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust his claims in state court and/or for failure to raise cognizable claims. Petitioner shall respond to this Order to Show Cause in writing **no later than July 17, 2023**. In his response, Petitioner must set forth his arguments, if any, as to why his Petition should not be dismissed for the reasons stated in this Order.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed for failure to exhaust, failure to present cognizable claims, and/or for failure to prosecute and to follow court orders**.

DATED: June 26, 2023

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE