UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT MICHAEL VANLEEUWEN,[1]  Petitioner,  v.  WARDEN,  Respondent. | No. 5:23-cv-00630-SVW-BFM  **ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

**SUMMARY OF ORDER**

This is a federal habeas petition challenging a January 2023 decision by California's Board of Parole Hearings ("BPH") finding Petitioner Robert Michael Vanleeuwen[1] unsuitable for release on parole as a nonviolent offender. On June 26, 2023, the Court ordered Petitioner to explain whether he has presented his claims to the California Supreme Court (whether he exhausted his claims) and whether his parole challenge is suitable for federal habeas review (whether the claims are cognizable). As of the date of this Order, Petitioner has not responded

---

[1] Petitioner also uses the name "Robert Michael Tafoya." (*See, e.g.*, ECF No. 1 at 3).

to the June 26, 2023, Order to Show Cause and the time to do so has passed. Because Petitioner is proceeding without counsel, the Court will provide him one more opportunity to show cause why this action should not be dismissed. The Court therefore orders Petitioner to explain whether he has presented his claims to the California Supreme Court and whether his parole challenge is suitable for federal habeas review. **If Petitioner fails to timely respond to this order, the Court will recommend that his Petition be dismissed without prejudice for failure to exhaust his claims, failure to state cognizable federal claims, and/or failure to prosecute and to comply with court orders.**

## BACKGROUND

### A. Relevant Procedural History

Petitioner is a California inmate currently housed in Ironwood State Prison in Blythe, California. (*See* ECF No. 1 at 3; *see also* California Department of Corrections and Rehabilitation Inmate Locator website at inmatelocator.cdcr.ca.gov). He is serving a 25-year sentence following his December 13, 2021, conviction in the Riverside County Superior Court for the following offenses: stalking in violation of a protective order; concealing a child from a legal custodian; and several counts each of perjury and of filing forged documents. (*See* ECF No. 1 at 3-4; *see also* Riverside County Superior Court's online criminal case search for Case No. RIF2000128 at public-access.riverside.courts.ca.gov/OpenAccess/).

On April 10, 2023, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. (ECF No. 1). The Petition raises three claims relating to the BPH's nonviolent parole denial. Petitioner argues the following: (1) his right to due process was violated because

the BPH hearing officer improperly based this denial on Petitioner's exercise of his constitutional rights; (2) his right to due process was additionally violated because the BPH failed to review the merits of his nonviolent parole denial after Petitioner petitioned the BPH for review; and (3) his rights to due process and equal protection were violated because there was not sufficient evidence to deny release and he is being held to a different standard than required by nonviolent parole review. (ECF No. 1 at 1-2).

After reviewing the Petition, the Court determined that Petitioner's claims appeared to be unexhausted and not cognizable on federal habeas review, and therefore, that the entire Petition was subject to dismissal. On June 26, 2023, the Court issued an order requiring Petitioner to show cause, on or before July 17, 2023, why the Petition should not be dismissed as unexhausted, and because his claims are not cognizable on federal habeas review. (ECF No. 6). Petitioner was advised that his failure to timely file a response to the Order to Show Cause "**may result in the Court recommending that his case be dismissed for failure to exhaust, failure to present cognizable claims, and/or for failure to prosecute and to follow court orders**." (ECF No. 6 at 8).

As of the date of this Order, Petitioner has not filed a response to the June 26, 2023, Order to Show Cause, and the time to do so has expired.

## ANALYSIS

As explained in the Court's prior order, it appeared to the Court that there were two problems with the Petition as it was filed. There is now a third problem, in that Petitioner has not responded to the Court's order to show cause. To ensure that Petitioner understands where his case stands, the Court will

3

1 outline all three problems.

2 **A.     Failure to Exhaust**

3 A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See id.* at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). The Court may raise a petitioner's failure to exhaust sua sponte—that is, even without the opposing party raising it—and may summarily dismiss a petition without prejudice for failure to exhaust. *See Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

As Petitioner was previously informed, there is no indication in the Petition or attachments that Petitioner presented his claims to the California Supreme Court. Therefore, the Petition appears to be unexhausted and subject to summary dismissal without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

Petitioner was previously ordered to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust the claims in state court. (ECF No. 6 at 8). Petitioner has not responded to that Order and the deadline to respond has passed.

**B.     No Cognizable Federal Claims**

Even if Petitioner could satisfy the exhaustion requirement, it appears his claims are not cognizable on federal habeas review.

After Proposition 57 was approved in November 2016, the California Constitution was amended to include the following provision: "1) Parole Consideration: Any person convicted of a nonviolent felony offense and

1  sentenced to state prison shall be eligible for parole consideration after
2  completing the full term for his or her primary offense." Cal. Const. art. I, § 32.
3  If a prisoner seeks judicial review of a parole denial in state court, the state
4  court must uphold the denial if there is "some evidence" that supports the
5  decision that the prisoner is unsuitable for parole because he or she currently is
6  dangerous. *See In re Lawrence*, 44 Cal. 4th 1181, 1191 (2008).

7  In *Swarthout v. Cooke*, the Supreme Court considered California's "some
8  evidence" standard and found that to the extent California law creates a liberty
9  interest in parole, "[w]hatever liberty interest exists is . . . a *state* interest."
10 *Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011). The *Cooke* Court explained
11 that a *state* liberty interest in parole does not create a *federal* right to be paroled,
12 and that compliance with California's "some evidence" requirement is not a
13 substantive federal constitutional requirement. *Id.* at 220-21. Rather, the
14 Supreme Court made clear that the only cognizable federal habeas issue is
15 whether the prisoner was provided the following "minimal" required procedural
16 safeguards: the opportunity to be heard and a statement of the reasons why
17 parole was denied. *Id.* at 220 (citing *Greenholtz v. Inmates of Neb. Penal & Corr.*
18 *Complex*, 442 U.S. 1, 16 (1979)).

19 Here, Petitioner's Claims One and Three do not allege that the BPH failed
20 to provide the required procedural safeguards. Instead, Claim One alleges that
21 the BPH relied on improper reasons for finding Petitioner unsuitable for
22 nonviolent parole and Claim Three alleges that the BPH did not have sufficient
23 evidence to declare Petitioner unsuitable for nonviolent parole. Therefore,
24 Claims One and Three do not appear to be cognizable.

25 Although Claim Two alleges an absence of a procedural safeguard, that
26 the BPH did not conduct a review of Petitioner's nonviolent parole eligibility,
27 Claim Two also does not appear to be cognizable. The only cognizable federal
28

5

habeas issues under these circumstances are if the BPH denied Petitioner an opportunity to be heard or if the BPH did not provide Petitioner a statement of reasons why parole was denied. Here, Petitioner had an opportunity to be heard because he provided a written statement to the BPH prior to his nonviolent parole review. Petitioner also received the Nonviolent Decision Form containing the written statement of reasons for the hearing officer's unsuitability finding. Therefore, the Court appears to have no authority to consider Petitioner's claims and it appears the Petition should be dismissed because it does not state any cognizable federal claim.

Petitioner was previously ordered to show cause why the Court should not recommend dismissal of the Petition for failure to present cognizable claims. (ECF No. 6 at 8). Petitioner has not responded to that Order and the deadline to respond has passed.

### C. Failure to Prosecute and to Follow Court Orders

Petitioner's failure to respond to the prior order creates a new problem: the Petition is subject to dismissal for failure to prosecute.

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to Petitioner's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of

1  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
2  the [respondents]; (4) the public policy favoring disposition of cases on their
3  merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856
4  F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation
5  marks omitted); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure
6  to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

7        The first two factors—the public's interest in expeditious resolution of
8  litigation and the Court's need to manage its docket—weigh in favor of
9  dismissal. Petitioner's failure to respond to the Court's June 26, 2023, Order to
10 Show Cause or otherwise communicate with the Court since he filed his Petition
11 on April 10, 2023, hinders the Court's ability to move this case toward
12 disposition and indicates that Petitioner does not intend to litigate this action
13 diligently.

14       The third factor—prejudice to Respondent—also weighs in favor of
15 dismissal. A rebuttable presumption of prejudice to respondents arises when a
16 petitioner unreasonably delays prosecution of an action. *Eisen*, 31 F.3d at 1452-
17 53. Nothing suggests that such a presumption is unwarranted in this case.

18       The fourth factor—public policy in favor of deciding cases on their
19 merits—generally weighs against dismissal. In this case, though, the Court has
20 screened the allegations in the Petition, and Petitioner was informed that the
21 Petition is subject to dismissal because the claims are unexhausted and because
22 the claims are not cognizable. (ECF No. 6 at 1-2). If there are additional facts
23 about exhaustion beyond what the Court was able to locate through searching
24 public dockets, only Petitioner can provide that information. More broadly
25 speaking, it is Petitioner's responsibility to move his case toward a disposition
26 at a reasonable pace. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th
27 Cir. 1991). By failing to respond to the Court's June 26, 2023, Order to Show
28

Cause or to otherwise communicate with the Court, Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to comply with court orders.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court first attempted to avoid dismissal when it issued the June 26, 2023, Order to Show Cause, giving Petitioner an opportunity to show why the Petition should not be dismissed as unexhausted and why the claims in the Petition are cognizable. Nonetheless, as of the date of this Order, Petitioner has failed to respond as required by the Court's June 26, 2023, Order to Show Cause or to otherwise communicate with the Court since the Petition was filed on April 10, 2023.

Taking all the above factors into account, dismissal for failure to prosecute and follow court orders is appropriate. Such a dismissal, however, should not be entered unless Petitioner has been notified that dismissal is imminent. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). Before the Court recommends dismissal of this action, the Court will give Petitioner one more opportunity to show cause why this action should not be dismissed for the reasons stated herein.

**D.     Order to Show Cause**

For these reasons, Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for Petitioner's failure to exhaust his claims in state court, for failure to raise cognizable federal claims, and/or for failure to prosecute and to comply with court orders. **No later than September 18, 2023,** Petitioner shall respond, in writing, to this Order. In his response, Petitioner must set forth his arguments, if any, as to why his Petition

1 | should not be dismissed for the reasons stated in this Order.

2 | **Petitioner's failure to file a timely response as ordered will result in the Court recommending to the District Judge that this case be dismissed for failure to exhaust, failure to present cognizable claims, and/or for failure to prosecute and to follow court orders**.

DATED: August 18, 2023

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE